PearsoN, J.
 

 These two cases were heard at the same time, as they relate to the same tract of land. We are satisfied from the evidence that Jones and Carland executed a
 
 written
 
 agreement to make partition of the land — Jones
 
 to
 
 have
 
 two
 
 parts out of eleven, and Carland nine
 
 parts;
 
 that a dividing line was accordingly run,
 
 And
 
 that the parties have held possession of their respective parts in severalty ever since. At the time of the partition the parties did not execute deeds, and Jones now calls on Carland for a specific performance of the agreement to make partition, and the execution of the necessary title deeds. To this Carland replies that he is not able to perform his part of the contract, for that he owns only seven parts out of eleven, of the land
 
 ;
 
 that his wife owns one part, and the other part belongs to the heirs at law of Mrs. Lance, who died before he was able to
 
 *239
 
 procure the title, although her husband had given bond to make title. The excuse offered by Garland for not performing his part of the contract comes with a very ill grace, after the parties have acted upon the contract — and been in possession under it for so many years, and made expensive improvements. In
 
 Love
 
 v.
 
 Camp,
 
 6 Ire. Eq 209, it was held by this Court that if one entered into a contract to convey land, fraudulently representing himself to be the owner, and received the purchase money, he could only relieve himself from a decree for a specific performance by a,n averment and proof that he had made all reasonable exertions to procure the title, and was unable to do so.
 

 Whether the principle of that case is applicable to the present ' case, we will not now decide, because it is suggested that by a decree for partitioain the case of Carland and wife against Jones and others, the commissioners may in their discretion, and with a due regard to the rights of all of the parties concerned, allot to Jones the two parts of which he is now in possession, or allot them to Carland so as to enable him to comply with his contract and put an end to the controversy with Jones. The report of the Clerk and Master as to whether the interest of the parties requires a sale of the land for partition is not at all satisfactory, and we feel at liberty, therefore, to act upon the suggestion, and order a partition of the land to be made by Commissioners, so as to give Jones two parts, .Carland in his own right seven parts, Carland and wife one part, and the heirs of Lance the other part.
 

 The case of
 
 Jones
 
 v.
 
 Carland,
 
 will be retained for further directions. The commissioners will be directed to accompany their report with a full statement of facts, so as to enable the Court to decide whether any prejudice will be sustained by the heirs of Lance by the order for actual partition.
 

 Per Curiam. Decree accordingly.